# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2013

No. 13-30243
Summary Calendar

Lyle W. Cayce
Clerk

THOMAS JONES, JR.

Plaintiff-Appellant

v.

CLECO CORPORATION

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-cv-01703

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Thomas Jones, an employee of Defendant-Appellee Cleco Corporation ("Cleco"), brought claims of race discrimination, retaliation, failure to promote, and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, the Louisiana Employment Discrimination Law, and the Louisiana Commission on Human Rights against Cleco, as well as a claim for intentional infliction of emotional distress. He appeals the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30243

court's adverse judgment, but substantively challenges only the summary judgment as to the Section 1981 claim[1] grounded in failure to promote and hostile work environment.[2] The record indicates that Jones has been employed by Cleco since 1985, and he is still employed by Cleco.

We have reviewed the respective positions of the parties on appeal as set forth in their briefs and the record on appeal, including the district court's lengthy and comprehensive Memorandum Ruling on which its grant of Cleco's second Motion for Summary Judgment is based. Disagreeing with Jones's contentions that the district court erred in granting Cleco's second Motion for Summary Judgment and that the conflicting evidence raises genuine issues of material fact, we conclude in our de novo review that the district court's grant of Cleco's second Motion for Summary Judgment was not reversible error. Accordingly, the district court's Judgment of February 20, 2013 dismissing all remaining claims of Jones against Cleco is AFFIRMED.

---

[1] In the course of the case, Jones acknowledged, and the district court concluded, that he did not exhaust his Title VII claims. He also does not challenge the conclusion that his state law claims have prescribed. He brings no challenge to the summary judgment as to the discrimination and retaliation claims based upon a 2009 disciplinary letter. We conclude that, to the extent Jones sought to appeal any claims other that Section 1981 hostile work environment and failure to promote, these claims are waived for failure to adequately brief them. *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997). We note also that his contention that the district court should not have allowed a second motion for summary judgment lacks merit.

[2] Neither Jones nor Cleco has requested oral argument on appeal.